UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RIGHT-WAY PROPERTIES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:25 CV 416 JMB |
| ) | |
| ST. CHARLES COUNTY, MISSOURI, ) | |
| COMMUNITY DEVELOPMENT BLOCK ) | |
| GRANT, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Right-Way Properties, LLC's Motion to Remand (Doc. 13). Defendant has not responded within the time permitted by Local Rule 4.01. For the reasons set forth below, the Motion to Remand is **GRANTED.**

On December 3, 2024, Plaintiff Right-Way Properties, LLC filed a "Petition-Quiet Title" in the Circuit Court of St. Charles County, Missouri, against Defendants St. Charles County Missouri Community Development Block Grant and the United State of America, Department of Housing and Urban Development (Doc. 1-5). Plaintiff alleges state law claims related to real property located in St. Charles County, Missouri. On March 31, 2025, the United States removed this matter pursuant to 28 U.S.C. §1442(a)(1), noting that Plaintiff's claims are against the United States, or an agency thereof (Doc. 1).

On May 20, 2025, the United States was dismissed upon motion and without objection (Doc. 12). Plaintiff now seeks to remand this matter as the basis for federal subject matter jurisdiction, the United States, is no longer a party to this action. The remaining Defendant, the St. Charles County, Missouri, Community Development Block Grant, has not objected to remand,

and the time for objection has passed. The lack of response is deemed an admission of the merits of the motion.

This Court has an independent obligation to determine whether subject matter jurisdiction exists. Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). If it appears that this Court lacks jurisdiction, this case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c); Wallace v. ConAgra Foods, Inc., 747 F.3d 1025, 1033 (8th Cir. 2014). There is no showing of subject matter jurisdiction other than 28 U.S.C. § 1442(a)(1). Once this sole basis for federal jurisdiction is removed, it is appropriate to remand this matter to state court for lack of subject matter jurisdiction.

Accordingly, Plaintiff's Motion to Remand (Doc. 13) is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), this matter is **REMANDED** to the Circuit Court of St. Charles County, Missouri. The Clerk of Court is directed to terminate this matter on the Court's docket.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of June, 2025